**OAK RIDGE REORGANIZED SCHOOL DISTRICT NO. R–6, Appellant,**

v.

**JACKSON REORGANIZED SCHOOL DISTRICT NO. R–2, et al., Respondents.**

No. 59464.

Missouri Court of Appeals, Eastern District, Division Three.

June 2, 1992.

Kenneth C. McManaman, Kathleen Anderson Wolz, Cape Girardeau, for appellant.

David G. Geeson, Mary T. Eftink, Jackson, for respondents.

## ORDER

PER CURIAM.

Boundary line dispute between two school districts located in Cape Girardeau County, Missouri. On May 29, 1987, Appellant, Oak Ridge Reorganized School District No. R–6 (Oak Ridge), sued Respondent, Jackson Reorganized School District No. R–2 (Jackson), as well as the County Assessor and various landowners and taxpayers in order for the trial court to set, declare and determine the location of the eastern most boundary of Oak Ridge. The trial court did so on November 24, 1990. Oak Ridge considered itself the aggrieved party and appealed. The individual landowners and taxpayers did not appeal. We affirm.

At one time all of Missouri was made up of numerous small school districts. Consolidation of these small districts began in the 1940's and reorganization began in the 1950's. It was possible over the years to change property from one district to another through a petitioning and voting process. Reassessment of school district property tax was ordered in the 1980's. At that time it became apparent the boundary line between Oak Ridge and Jackson was not clearly delineated at the assessor's office.

At trial vast numbers of maps, records, and plats were admitted. Many of the records showed the change of property from one district to another through the early petitioning process. The Cape Girardeau County Assessor's Office prepared detailed proposed boundary lines, including the one in question here.

In Oak Ridge's sole point relied on it proffers the judgment was against the weight of the evidence in that the disputed boundary line was established and ratified by reorganization plans in a northerly and southerly direction between range lines 12 and 13, except for one indentation. It also claims this line was not affected by any previous "petitioning out and/or arbitrations."

In addition to the many maps and documents in evidence, many of the property owners confirmed the variations in the boundary line as they existed at the time of reorganization. The makeup of the pre-existing districts which became Oak Ridge and Jackson did not create the boundary line suggested by Oak Ridge.

The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Affirmed in accordance with Rule 84.-16(b).